UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

INAUDI DANGER BANDENA,

      Petitioner,

   v.                              Case No.:  2:26-cv-01254-SPC-DNF

D.H.S. *et al*,

      Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are petitioner Inaudi Danger Bandena's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Danger Bandena is a native of Cuba who entered the United States as a refugee in 1980.  He was convicted of aggravated assault with a firearm in 1983 and distribution of crack cocaine in 1989.  An immigration judge ordered Danger Bandena excluded on August 2, 1985, and he was removed to Cuba on July 7, 1995.  On January 1, 2011, Danger Bandena re-entered the country and presented himself to immigration authorities for inspection.  An immigration judge ordered him removed on February 17, 2011, but he was released on an order of supervision.  Danger Bandena was convicted of destroying evidence and resisting a law enforcement officer in 2014 and trafficking in cocaine in 2023.

On November 7, 2025, Danger Bandena reported to Immigration and Customs Enforcement ("ICE") for a check-in appointment. ICE revoked his release and detained him at Alligator Alcatraz. Cuba refuses to accept Danger Bandena for repatriation. ICE attempted to remove him to Mexico on March 9, 2026, but the Mexican government also refused to accept him. ICE returned Danger Bandena him to Alligator Alcatraz.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day

removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting

framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe
> that there is no significant likelihood of removal in the reasonably
> foreseeable future, the Government must respond with evidence
> sufficient to rebut the showing.

*Id.*

Danger Bandena has been detained for more than 180 days, so

*Zadvydas*'s burden-shifting framework applies.  Danger Bandena carried his

initial burden by showing a good reason to believe there is no significant

likelihood of removal in the reasonably foreseeable future.  Both Cuba and

Mexico have refused to accept him, and the government has not identified any

other destination for removal.  The burden shifts to the government.  ICE

claims it plans to attempt removal to Mexico again, but it provides no reason

to believe the Mexican government will change its mind about Danger

Bandena.  The Court finds no significant likelihood Danger Bandena will be

removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal

is not the only statutory justification for immigration detention.  "The second

justification—protecting the community—does not necessarily diminish in

force over time." *Zadvydas*, 533 U.S. at 690.  The Supreme Court has "upheld

preventative detention based on dangerousness only when limited to specially

dangerous individuals and subject to strong procedural protections." *Id.* Given Danger Bandena's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Inaudi Danger Bandena's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Danger Bandena poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Danger Bandena may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on May 7, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record